IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MATTHEW W. BARNETT                                            PLAINTIFF

v.                        Misc. No. *FS-09-42*

RACHEL J. SIMS;
SHERIFF FRANK ATKINSON;
and GAYLA JACKSON                                            DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Matthew W. Barnett (hereinafter Barnett) filed this motion to perpetuate testimony under

the provisions of Rule 27 of the Federal Rules of Civil Procedure. He also asks to be allowed to

submit interrogatories to the defendants pursuant to Rule 33 of the Federal Rules of Civil

Procedure.

### Background

Barnett indicates he expects to be the plaintiff in a case brought under 42 U.S.C. § 1983.

He asserts he is presently unable to bring the case in a meaningful form and consistent with the

pleading requirements of § 1983.

Barnett maintains that the first day he was incarcerated in the Sebastian County Adult

Detention Center $372 was illegally taken from him. He maintains the money was initially, without

his permission, placed in his commissary account. The money was then, without any hearing or

other form of Due Process, taken and applied to his fines and costs.

Although Barnett states he has been informed that the money was taken pursuant to a verbal

court order, he asserts there is no record of the verbal court order on the docket sheet. At this time,

Barnett states he is unable to "determine definitely whether" the defendants acted individually or

-1-

AO72A
(Rev. 8/82)

as co-conspirators. Further he states he desires to establish that defendants had no legal authority to take his money or keep his money. Barnett maintains the facts will assist him in properly naming parties and determine whether there are other parties who should be named.

### Discussion

Rule 27(a) governs requests for depositions to perpetuate testimony before an action is filed. Under Rule 27(a)(1), the petitioner must title the petition in his name and establish:

> (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
>
> (B) the subject matter of the expected action and the petitioner's interest;
>
> (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
>
> (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
>
> (E) the name, address, and expected substance of the testimony of each deponent.

Fed. R. Civ. P. 27(a)(1)(A-E).

Rule 27(a)(1) may not be used as a license for conducting general discovery prior to the institution of a civil action. *See e.g., Shore v. Acands, Inc.* 644 F.2d 386, 388 (5th Cir. 1981). Instead, discovery under Rule 27(a)(1) should be allowed only when the petitioner demonstrates a present inability to bring any action at the time the petition is presented. *See e.g., Martin v. Reynolds*, 297 F.2d 49, 55 (9th Cir. 1961). Rule 27 applies to situations in which "for one reason or another, testimony might be lost to a prospective litigant unless taken immediately." *Petition of Ferkauf*, 3 F.R.D. 89, 91 (S.D.N.Y. 1943).

-2-

Clearly, this is not one of those situations. Barnett merely seeks to do early general discovery in this case under Rule 27 and/or by the use of interrogatories. He does not argue he will not be able to obtain this discovery at a later time. He merely maintains he will be able to better craft his complaint if he has this discovery now instead of later. This would be true in virtually every case.

### Conclusion

I therefore recommend that the motion to perpetuate testimony under Rule 27 and/or to submit interrogatories before the action is filed be denied and this miscellaneous action be closed.

**Barnett has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Barnett is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this _9_ day of November 2009.


HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

-3-